PS8D  
(09/20)

March 11, 2024

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Amended Petition for Warrant for Defendant on Pretrial Release

**Name of Defendant:** Sabastian Lee Atondo      **Dkt No.:** 3:23CR-02430-JES-001

**Reg. No.:** 84647510

**Name of Judicial Officer:** The Honorable James E. Simmons, Jr., U.S. District Judge (matter referred to the Honorable Lupe Rodriguez, Jr., U.S. Magistrate Judge)

**Date Conditions Ordered:** November 8, 2023, before the Honorable Lupe Rodriguez, Jr., U.S. Magistrate Judge

**Charged Offense:** 8:1324 - Transportation of Certain Aliens (Felony)

**Conditions of Release:** The defendant must not violate federal, state, or local law during the period of release; the defendant must cooperate in the collection of a DNA sample as authorized by 42 U.S.C. § 14135a; the defendant must appear in court as ordered and surrender as directed to serve any sentence; the defendant must not possess a firearm, destructive device, or other dangerous weapon; the defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances; the defendant must report to the U.S. Pretrial Services Office (telephone (619) 557-5738) on the day of the initial court appearance or within 24 hours of the defendant's release from custody, whichever is later. Throughout this case, the defendant must report as directed by the Pretrial Services Office and follow all directions of the Pretrial Services Office; the defendant must advise the Court or the Pretrial Services Office in writing of: (1) the defendant's current residence address and phone number, when first reporting to Pretrial Services; and (2) any new contact information, before making any change of residence or phone number; the defendant must read this Pretrial Release Order and the "Advice of Penalties and Sanctions" form, or have them read to the defendant in the defendant's native language.  The defendant must acknowledge the defendant's understanding of all the pretrial release conditions and the penalties and sanctions for any violations, by signing the "Advice of Penalties and Sanctions" form. Restrict travel to: San Diego County, Imperial County, do not enter Mexico. Additional conditions include actively seek or continue full-time employment, or schooling, or a combination of both.  Reside with a family member, surety, or at a residence approved by the Pretrial Services Office, including any contract facility, clear all warrants/FTA's and pay fine within 60 days of release or as directed by the Pretrial Services Office, submit to psychological/psychiatric treatment at Pretrial Services' discretion, submit to drug/alcohol testing no more than four times per month and/or outpatient substance abuse therapy and counseling, as directed by the Pretrial Services Office. Testing may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Pretrial Services need not notify the Court of test results attributed to residual elimination.

**Modification:** On November 22, 2023, the Court was informed Pretrial Services obtained a copy of the conditions of release as ordered by Imperial County Superior Court on October 22, 2021, which ordered the defendant to participate in the Sex Offender Management Program and ordered sex offender supervision conditions. Our office recommended and the Court agreed to modify Pretrial Services conditions of release to be similar to Imperial County Probation and modified the defendant's conditions of release to include: the defendant surrender passports and all travel documents to Pretrial Services. Do

PS8D
(09/20)

**Name of Defendant:** Sabastian Lee Atondo                                                March 11, 2024
**Docket No.:** 3:23CR-02430-JES-001                                                                    Page 2

not apply or reapply for any passport or travel documents during the pendency of case; avoid all contact with an alleged victim of the crime and with potential witnesses who may testify concerning the offense; submit to psychiatric/psychological counseling as specified by Pretrial Services, and such counseling is to be with a counselor who has experience in treating individuals charged with sexual crimes; participate in the "computer monitoring program" and do not use/access any computer without monitoring software installed, unless approved in advance by Pretrial Services; do not access any social networking sites including, but not limited to, Myspace, Facebook; do not access any website or possess any material depicting sexually explicit conduct as defined by title 18 U.S.C. 2256(2); do not access any online computer service or any other device with internet capabilities (iPod), X-box, Wii, cellular phone) at any location, at any time. This includes any internet service provider, bulletin board system or other public or private network; no direct or indirect contact with children under the age of 18 unless accompanied and supervised by an adult who is aware of the charges and who must be physically present at the time of the contact; report to Pretrial Services within 8 hours of any unauthorized contact with any person under the age of 18; do not engage in any paid occupation or volunteer service that allows for direct or indirect exposure to children under the age of 18, unless approved in advance by the Court and Pretrial Services; shall not frequent or loiter in any place where children under the age of 18 congregate (e.g., schools, parks, playgrounds, video arcades, swimming pools, etc.); notify employer of conditions of release before starting work; participate in the Location Monitoring program and abide by all technology requirements. Defendant shall pay all or part of the costs of monitoring as directed by the court and/or the Pretrial Services officer. Defendant and sureties are responsible for all equipment associated with this program including loss or damage; the defendant will be placed on (x) GPS monitoring under the following, (x) Home Detention.

On December 6, 2023, the Court modified the defendant's conditions of pretrial release to be similar to Imperial County Probation conditions of release and ordered the defendant not to associate or communicate with anyone you know or reasonably should know to be any person under the age of 18 or frequent places where you know or reasonable should know that persons under the age of 18 congregate, including but not limited to schoolyards, parks, amusements parks, concerts, playgrounds, swimming pools and arcades and do not reside with any person you know or reasonably should know to be under the age of 18, including but not limited to your natural children, stepchildren, or any other minor under the age of 18 with whom you have a parenting, guardianship, or supervisory relationship unless approved in advance and in writing by the Court.

**Date Released on Bond:** November 15, 2023

**Next Court Hearing:** May 3, 2024, at 9:00 am, for Sentencing.

**Asst. U.S. Atty.:** Parker Gardner-Erickson          **Defense Counsel:** Troy Patrick Owens, Jr.  (appointed)
(619) 241-9755                                                                              (619) 765-5000

**Prior Violation History:** None.

PS8D
(09/20)

| | |
|---|---|
| **Name of Defendant:** Sabastian Lee Atondo | March 11, 2024 |
| **Docket No.:** 3:23CR-02430-JES-001 | Page 3 |

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The Pretrial Services officer believes that the defendant has violated the following condition(s) of pretrial release:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances. | 1. The defendant used a controlled substance (Marijuana) on February 19, 2024, and on or about February 23-24, 2024, as evidenced by his own admission.<br><br>2. The defendant used a controlled substance (methamphetamine) on or about March 2-3, on March 6, and on March 9, 2024, as evidenced by his own admission. |

*Grounds for revocation:*

The undersigned reviewed the Conditions of Pretrial Release set by the court on November 8, 2023, which orders the defendant "not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances." During a post release intake interview conducted on November 17, 2023, the defendant acknowledged understanding of his conditions of release.

On February 22 and 27, 2024, the defendant submitted urine samples which screened positive for marijuana.

On March 1, 2024, Pretrial Services contacted the defendant to discuss his positive marijuana screening. At that time, the defendant denied any illicit drug use and affirmed his continued sobriety. The defendant attributed the positive screen to secondhand smoke from his brother who smokes marijuana regularly around him. The defendant's urine sample from February 27, 2024, was sent to the National Laboratory for confirmation.

On March 8, 2024, the defendant's urine sample from February 27, 2024, confirmed positive for marijuana. On that date, the undersigned met with the defendant to discuss the marijuana confirmation. The defendant initially continued to deny any illicit drug use. The defendant later explained he had not been honest with Pretrial Services previously regarding his sobriety and apologized for not being forthcoming. Mr. Atondo reported he found a marble size amount of marijuana outside the home, on February 19, 2024, which he later smoked in a pipe. Additionally, he admitted to finding a left-over marijuana joint on the floor of his garage that belonged to his brother and taking a few hits from the joint on or about February 23-24, 2024. The defendant advised he has been experiencing additional stress due to his upcoming sentencing hearing.

The defendant submitted a urine sample for drug testing on this date, for which the results remain pending. Prior to the sample collection, Mr. Atondo admitted to using methamphetamine on or about March 2-3, 2024, and on March 6, 2024. The defendant indicated he obtained the methamphetamine

| | |
|---|---|
| **Name of Defendant:** Sabastian Lee Atondo | March 11, 2024 |
| **Docket No.:** 3:23CR-02430-JES-001 | Page 4 |

from a friend who visited him over the weekend. He explained he was concerned after his discussion with Pretrial Services on the March 1, 2024, regarding his positive screening and he made an error by using methamphetamine to cope with the added stress. The defendant was verbally admonished for his illicit drug use and his lack of initial honesty. The defendant advised he is willing to engage in additional substance abuse treatment and he agreed to refrain from any further illicit drug use.

On March 11, 2024, the defendant reported to Pretrial Services to submit a urine sample. He said he could not provide a urine sample because he has diarrhea and asked to go to the hospital because he has stroke-like symptoms when he uses methamphetamine. When asked when he last used methamphetamine, the defendant admitted to using the substance on March 9, 2024.

## SUPERVISION ADJUSTMENT

The defendant has been on pretrial supervision since November 15, 2023, and his adjustment to supervision is assessed as poor. Prior to his release, Mr. Atondo completed inpatient treatment at Foundations Recovery in March 2023 while on county probation. He immediately relapsed after completion of treatment and was referred to outpatient treatment services through probation, which he remains enrolled in. Since his release to Pretrial Services, the defendant has admitted to using illicit drugs on multiple occasions and failed to comply with the directives of the Court all while participating in the Location Monitoring Program. Additionally, the defendant's use of illicit substances is also a violation of his Imperial County Probation conditions. Pretrial Services views the non-compliance outlined above as an increased risk of nonappearance and danger to the community.

## RECOMMENDATION/JUSTIFICATION

At this time, our office respectfully recommends your Honor issue a no bail bench warrant to bring the defendant before the Court so he may show cause as to why his pretrial release should not be revoked.

**I declare under penalty of perjury that the forgoing is true and correct.**

**Executed on:** March 11, 2024

Respectfully submitted:

Zena Ajou
Chief U.S. Pretrial Services Officer

by _____
Allie Zekan
U.S. Pretrial Services Officer
(619) 557-2990
Place: San Diego, California

Review and approved:

_____
Eric Kosmo
Supervisory U.S. Pretrial Services Officer

PS8D
(09/20)

**Name of Defendant:** Sabastian Lee Atondo      March 11, 2024
**Docket No.:** 3:23CR-02430-JES-001      Page 5

---

### THE COURT ORDERS:

__X__    **AGREE,** issue a no bail bench warrant for the defendant's arrest, and order him to show cause why his bond should not be revoked.

_____    Other _____

_____

_____


_/s/ LR_                         3/11/24
The Honorable Lupe Rodriguez, Jr.        Date
U.S. Magistrate Judge